UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 4:14-cv-00084-PPS-PRC |
| EMBRY'S ROOFING, INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Trustees of the Indiana State Council of Roofers Health and Welfare Fund (the "Fund") sued Embry's Roofing in December 2014. The Fund claimed that Embry's was a party to a collective bargaining agreement that required it to pay into the Fund, which provides employment benefits to employees of contributing employers. The Fund alleges that Embry's didn't pay as agreed. Defendant Embry's has not appeared, pled or otherwise defended this case as required by the Federal Rules of Civil Procedure. So the Fund seeks a default judgment. Because analysis of the factors for deciding a motion for default weigh in favor of default judgment here, the Fund's motion will be granted.

## BACKGROUND

The Plaintiffs are the Trustees of the Fund, suing on behalf of the Fund to collect delinquent employment contributions owed by Embry's Roofing under a collective bargaining agreement. (Docket Entry 1 at ¶¶ 3, 5, 11.) In its single-count complaint the

Fund alleges a claim under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and Section 502 of ERISA, 29 U.S.C. § 1332.

The Fund served the complaint and summons by certified mail on December 6, 2014. (DE 4.) The attached delivery receipt shows that the package was signed for by the eponymous Robert Embry. Embry's has failed to appear, plead, or otherwise defend the lawsuit as required by the Federal Rules of Civil Procedure. Accordingly, on December 31, 2014, the clerk entered default under Rule 55(a). (DE 6.) Plaintiff waited nearly three months, allowing Embry's ample time to respond, but Embry's has remained mum as far as the docket reflects. Then the Fund moved for default judgment on March 25, 2015. (DE 7.) The Fund seeks a judgment against Embry's for (1) $22,795.20 in delinquent contributions for the period of January 1, 2014 to April 30, 2014; (2) $63,770.40 in delinquent contributions for the period of May 1, 2014 to December 31, 2014; (3) $1,122.00 in attorney's fees; and (4) $400.00 in court costs.

## DISCUSSION

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Moreover, all well pleaded allegations of the complaint will be taken as true. *Id.* at 605. Federal Rule of Civil Procedure 55(b) governs default judgments, and the Court must exercise sound judicial discretion in entering a default judgment. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339-40 (7th Cir. 2004); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Prior to

2

obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

In considering a motion for default judgment a court may look to a number of factors, including "the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established . . . ." C. Wright & A. Miller, *10A Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998).

Here, I find that a default judgment against Embry's Roofing, Inc. is proper. No material issues of fact are at issue and the grounds for default are clearly established. The issue of nonadherence to a contract is a commonplace one, but important nonetheless. This is especially true in the present context, where nonpayment under the collective bargaining agreement affects the Fund as well as Embry's employees for whom contributions should have been made. For the purpose of this case, and without information to the contrary, I assume the Fund is upholding its end of the bargain and providing the services it is obligated to provide, so Embry's is reaping the benefits of the deal without paying, which prejudices the plaintiff Fund. The public also has an interest in the enforcement of collective bargaining agreements. The default here goes

beyond a mere technicality, as Embry's has not filed any responsive pleading despite being served with the Complaint and Summons over five months ago. A defendant cannot be allowed to completely ignore a lawsuit against it. "While the entry of a default judgment should be used sparingly, [the Seventh Circuit sees] no need to impose a requirement that prevents a district court from imposing that sanction if, under the circumstances, it is warranted. The Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves. A district court is not required to fire a warning shot . . . ." *United States v. Di Mucci*, 879 F.2d 1488, 1493 (7th Cir. 1989). "A trial court is entitled to say, under proper circumstances, that enough is enough." *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir.1989) (internal citation omitted).

The only matter that remains to be considered is damages. In considering a motion for default judgment the court will have a hearing if necessary. One possible subject of such a hearing could be the determination of damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see also*, *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339-40 (7th Cir. 2004) (citing Fed. R. Civ. P. 55(b)(2)). In cases where damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," however, such a hearing is unnecessary. *Dundee*, 722 F.2d at 1323.

In this case, I have the information necessary to calculate the damages without a hearing. The Plaintiffs have attached the affidavits of Ellen Densborn (DE 7-2) and

4

Charles Berger (DE 7-1) to establish the amount of damages, in the form of unpaid contributions and attorney's fees, owed by Defendant Embry's Roofing. The affidavits are detailed, and the affidavit stating unpaid contributions is supported by documentary evidence in the form of a report by a certified public accountant.

Ellen Densborn works for the Fund keeping track of delinquent contractors. She attests that she reviewed the accountant's audits covering the relevant periods (attached to Densborn's affidavit as Exhibits A and B), and therefore knows that Embry's owes the Fund $22,795.20 for the period January 1 to April 30, 2014, and $63,770.40 for the period May 1 to December 31, 2014, for a total of $86,565.60. Densborn also attests to the fact that the Fund paid $400.00 in court costs to file this case. (DE 7-2.)

Under 29 U.S.C. § 1132(g)(2)(D) (ERISA civil enforcement), the Fund is entitled to reasonable attorney's fees and court costs to be paid by Defendant Embry's. The Fund has attached the affidavit of attorney Charles Berger, the attorney representing the Fund in this case. He attests that he has worked on this case for 6.6 hours at a rate of $170.00 per hour, for a total of $1,122.00 in attorney's fees. (DE 7-1 at 1.)

## CONCLUSION

For the foregoing reasons, Plaintiff Fund's Motion for Default Judgment against Defendant Embry's Roofing is **GRANTED**. (DE 7.) Embry's Roofing is **ORDERED** to pay:

(1) $22,795.20 in delinquent contributions for the period January 1 to April 30, 2014, to Plaintiff Trustees of the Indiana State Council of Roofers Health and Welfare

5

Fund;

(2) $63,770.40 in delinquent contributions for the period May 1 to December 31, 2014, to Plaintiff Trustees of the Indiana State Council of Roofers Health and Welfare Fund;

(3) $1,122.00 and $400.00 to Plaintiff Trustees of the Indiana State Council of Roofers Health and Welfare Fund for attorney's fees and court costs, respectively; and

(4) Statutory post-judgment interest at the current legal rate on all monies owed pursuant to (1)-(3) *supra*.

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: May 19, 2015

/s/ Philip P. Simon
PHILLIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
